**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
)
**DIAMOND LYNCH,**                          )
)
            **Plaintiff,**                       )
)       **Civil Action No. 1:20-cv-00934-TJK**
    **v.**                                 )
)
**WAL-MART ASSOCIATES, INC.,**              )
)
            **Defendant.**                      )
_____)

**DEFENDANT'S ANSWER TO COMPLAINT**

Wal-Mart Associates, Inc.[1] ("Defendant"), through its undersigned counsel, hereby responds to the allegations set forth in the numbered paragraphs of Diamond Lynch's ("Plaintiff") Complaint.

**Introduction[2]**

1.     Defendant admits that Plaintiff was employed as a Department Manager and terminated from her position.  Defendant further admits that Plaintiff purports to bring this action under the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 *et seq.*, but denies that there is any factual or legal basis for this action and further denies that Plaintiff is entitled to any recovery or judgment against Defendant.  Defendant denies any remaining allegations contained in Paragraph 1 of the Complaint.

---

[1] Plaintiff's Complaint improperly names "Wal-Mart Associates, Inc." as a Defendant.  The operating entity of the Walmart Store where Plaintiff was employed, and thus the only correct Defendant in this case is, Wal-Mart Stores East, LP.

[2] Defendant repeats the headings contained in the Complaint solely for reference purposes.

**Jurisdiction**

2.     The allegations in Paragraph 2 are legal conclusions to which no response is required.  To the extent that a response is required, Defendant admits that Plaintiff was employed by Defendant in the District of Columbia and does not challenge the jurisdiction of the federal District Court, but denies that Plaintiff has any legally cognizable claim against Defendant.

**Parties**

3.     Defendant admits that Plaintiff is female and that she was terminated from her employment while working at a store in the District of Columbia.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint, and on that basis, denies those allegations.

4.     Defendant admits the allegations contained in Paragraph 4 of the Complaint.

**Statement of Facts**

5.     Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.     Defendant admits that Plaintiff was promoted to a Department Manager role effective August 31, 2019 and that Assistant Manager Sade Sutton ("Sutton") supervised Plaintiff and was a decision-maker in the promotion decision.  Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.     Defendant admits that as a Department Manager, Plaintiff had responsibilities for leading other Associates with respect to stocking and displaying merchandise, and some responsibilities relating to the financial success of her department.  Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.     Defendant admits that Plaintiff called out from work and told Sutton that she was pregnant.  Defendant is currently without knowledge or information sufficient to form a belief as

to the truth of the allegations concerning the dates that Plaintiff texted Sutton or told her that she was pregnant, and, therefore, denies those allegations. Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.      Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant admits that Plaintiff was called to the manager's office on September 30, 2019, where Sutton and another manager were present, and coached about taking an extra 15-minute break that day.  Defendant further admits that this was Plaintiff's first written coaching and that Plaintiff was discharged on the same day after cursing at the managers in response to the Coaching.  Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

11.     Defendant admits that Sutton told Plaintiff to remove her vest and badge and that she would gain Plaintiff.  Defendant further admits that Sutton used the term "gain" to mean that Plaintiff's employment was being terminated.  Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

## Statement of Claim

**Count I      Discrimination Based on Sex in Violation of the D.C. Human Rights Act, D.C. Code §§ 2-1402.11 *et seq.***

12.     Defendant admits that it was aware of Plaintiff's sex and that Plaintiff told Sutton about her pregnancy prior to the termination of Plaintiff's employment.  Defendant denies any remaining allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

## PRAYER FOR RELIEF

In response to the Complaint's "Prayer for Relief," including its subparts 1 through 8, Defendant denies that Plaintiff is entitled to the relief requested or to any other relief from Defendant.

## JURY DEMAND

In response to the Complaint's unnumbered "Jury Demand," Defendant admits that Plaintiff requests a jury trial on all questions of fact and damages, but denies that any case or controversy exists so as to entitle Plaintiff to a trial by jury.  Defendant denies any liability or wrongdoing, and denies that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Defendant specifically denies each and every allegation of the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

As separate defenses, and without conceding Defendant bears the burden of proof or persuasion as to any of them, Defendant alleges as follows:

1.      Plaintiff's claims fail, in whole or in part, to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred to the extent they were not filed within the applicable statutes of limitation.

3.      Plaintiff's claims are barred to the extent Plaintiff failed to timely and properly exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites or other conditions precedent for the commencement of this action, or if her claims otherwise exceed the scope of any charge(s) filed.

4.      Some or all of Plaintiff's claims may be barred, in whole or in part, by the doctrines of consent, laches, estoppel, judicial estoppel, unclean hands, set-off and/or waiver.

5.      Defendant's actions with regard to Plaintiff were taken, made, and done in good faith and for legitimate, non-discriminatory, job-related business reasons and/or were based on factors other than sex or pregnancy.

6.      Defendant exercised reasonable care to establish and maintain a reasonable written policy – disseminated to all employees – for requesting an accommodation, as well as for the prevention and detection of unlawful discrimination, including an internal complaint procedure for addressing alleged acts of discrimination, including failure to provide a reasonable accommodation.

7.      Plaintiff's discrimination claims, and/or any claims for damages are barred because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior, and/or Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective opportunities to otherwise avoid harm, and/or because Defendant took prompt, remedial action with regard to any alleged discrimination properly reported.

8.      Plaintiff's claims are barred to the extent that, if any employee of Defendant acted in a manner that violated Plaintiff's rights and/or caused harm, any such actions were committed outside the scope or course of the employee's employment and without Defendant's consent, knowledge or ratification.

9.      To the extent any actions taken by Defendant regarding Plaintiff were taken in good faith, in accordance with Defendant's internal policies, and not taken wantonly or with malice or bad faith and/or reckless indifference to Plaintiff's protected rights, Defendant did not

willfully violate any law with respect to its treatment of Plaintiff, thereby negating her entitlement to punitive damages.

10.     Plaintiff did not suffer any damages for which she is entitled to relief.

11.     Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant.

12.     If Plaintiff has been damaged as alleged (which Defendant denies), such damages were caused by her own acts or failure to act, or were caused in whole or in part by factors other than those enumerated in the Complaint.

13.     Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff failed to reasonably mitigate her damages, if any.  Defendant is entitled to a set-off against Plaintiff's claims for damages in the amount(s) Plaintiff did or could have earned through reasonable efforts.

14.     Plaintiff's claims are barred to the extent that Plaintiff engaged in misconduct, fraud or other conduct prior to, during, or in connection with her employment, that otherwise would have resulted in her discharge if such conduct was then known to Defendant.  Any remedy otherwise available to Plaintiff in this action is limited by the after-acquired evidence doctrine.

15.     Without admitting any of the allegations contained in the Complaint, Plaintiff's damages are limited by any applicable statutory caps.

Defendant reserves the right to raise additional defenses that may arise during discovery in this action.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Complaint with prejudice and enter judgment in its favor, together with the costs and expenses incurred in

this lawsuit, including reasonable attorneys' fees and such other and further relief as this Court deems just and proper.

Dated:        April 15, 2020                    By:  */s/ G. Bethany Ingle*
                                                     G. Bethany Ingle (Bar No. D00531)
                                                     LITTLER MENDELSON, P.C.
                                                     1650 Tysons Blvd.
                                                     Suite 700
                                                     Tysons Corner, VA 22102
                                                     Telephone:  703.286.3135
                                                     Facsimile:   703.563.9540
                                                     gingle@littler.com


                                                     Kevin M. Kraham (D.C. Bar No. 459077)
                                                     LITTLER MENDELSON, P.C.
                                                     815 Connecticut Avenue, NW
                                                     Suite 400
                                                     Washington, DC  20006
                                                     Telephone:  202.842.3400
                                                     Facsimile:   202.842.0011
                                                     kkraham@littler.com


                                                     *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of April, 2020 a copy of the foregoing Defendant's

Answer to Complaint was served via the Court's electronic filing system on:

> Ellen K. Renaud
> Swick & Shapiro, P.C.
> 1101 15th Street, N.W.
> Suite 205
> Washington D.C. 20005
> 202.842.1418 Facsimile
> ekrenaud@swickandshapiro.com

> *Counsel for Plaintiff*

> */s/ G. Bethany Ingle*
> G. Bethany Ingle