UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DIAMOND LYNCH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20-CV-00934 (TJR) |
| | ) | |
| **WAL-MART ASSOCIATES, INC.** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**AMENDED COMPLAINT**
**(Employment Discrimination and Retaliation)**

**Introduction**

1. This is an action brought by plaintiff Diamond Lynch pursuant to the District of Columbia Human Rights Act, D.C. Code §§ 2-1401 *et seq.*, to secure redress from defendant Walmart for having discriminated against plaintiff because of her sex by terminating her from her position of Department Manager five days after learning she was pregnant, which caused plaintiff personal and professional humiliation and embarrassment and other emotional pain and suffering, as well lost earnings and financial suffering. This action is also brought pursuant to the Protecting Pregnant Workers Fairness Act, D.C. Code § 32-1231 *et seq.*, to secure redress from defendant for having retaliated against her by terminating her within hours of using a reasonable accommodation

### Jurisdiction

2. This Court has jurisdiction over plaintiff's claim pursuant to D.C. Code §§ 2-1403.16, 11-921 and 32-1231.106, plaintiff having been employed by defendant in the District of Columbia.

### Parties

3. Plaintiff Diamond Lynch is a citizen of the United States and a resident of the District of Columbia. She is female and, at the time she was terminated from Defendant's employment at its store in the District of Columbia, she was pregnant.

4. Defendant Walmart Associates, Inc. is headquartered in Arkansas with several stores in the District of Columbia, including a Superstore on Georgia Avenue where Plaintiff was employed.

### Statement of Facts

5. Plaintiff began working for Defendant as an Associate at its Georgia Avenue store on June 5, 2019. She was hired by Assistant Manager Sade Sutton, who also supervised her.

6. After supervising Ms. Sutton for three months, Ms. Sutton decided to promote Ms. Lynch from Associate to Department Manager. The promotion took effect on August 31, 2019.

7. As a Department Manager, Ms. Lynch was responsible for leading a team of associates in receiving and displaying merchandise and the overall financial success of her department.

8. On September 24, 2019, Ms. Lynch called out sick and texted Ms. Sutton. On Wednesday, September 25, Ms. Lynch told Ms. Sutton that she was pregnant. In response, Ms. Sutton told Ms. Lynch, "you are going to mess me up" and asked "are you going to keep it?"

9. Prior to advising her supervisor she was pregnant, Ms. Lynch received only commendation for her work and never received any discipline.

10. Within six days of learning she was pregnant, Ms. Sutton terminated Ms. Lynch's employment. On Monday, September 30, 2019, Ms. Lynch was called into Ms. Sutton's office over the loudspeaker. Ms. Sutton and another manager were in the office when Ms. Lynch arrived. Ms. Sutton said Ms. Lynch broke the rules because she took an extra 15 minute break that morning and she was being written up. This was the first time that Ms. Lynch had ever been written up.

11. Ms. Lynch explained that she needed the break because she was pregnant and needed to eat because her stomach hurt from hunger. Ms. Lynch told Ms. Sutton that she was pregnant and hungry and thought it was allowed because she had read that Walmart allows pregnant women to take extra breaks. Ms. Sutton responded, is that our problem that your pregnant? Ms. Sutton told Ms. Lynch she was going to gain her from the system and she should remove her vest and badge. Gaining from the system indicates that a Walmart employee is terminated.

**Statement of Claims**

**Count I**   **Discrimination Based on Sex in Violation of the D.C. Human Rights Act, D.C. Code§§ 2-1402.11 et seq.**

12. Defendant was aware of Plaintiff's sex and pregnancy when it terminated Plaintiff's employment.

13. Defendant intentionally discriminated against plaintiff on the basis of her sex and pregnancy when it terminated her employment.

14. Defendant violated Plaintiff's statutorily protected rights under the DCHRA.

15. Such unlawful discriminatory conduct was intentionally done by defendant in willful and wanton violation of plaintiff's human rights as protected by District of Columbia law.

16. The proximate result of defendants' violation of the D.C. Human Rights Act by discriminating against plaintiff based on sex has caused plaintiff to suffer personal and professional humiliation, career damage, damage to her personal and professional reputation, and mental and emotional distress, as well as financial loss.

**Count II        Retaliation Based on Use of Pregnancy Accommodation in Violation of the Protecting Pregnant Workers Fairness Act, D.C. Code § 32-1231 et seq.**

17. The Protecting Pregnant Workers Fairness Act ("PPWFA") required Defendant to allow pregnant employees reasonable accommodations for their pregnancy, including "[m]ore frequent or longer breaks."  D.C. Code. §§ 32-1231.01(2)(A) and 32-1231.03(1)

18. The PPWFA also prohibited Defendant from taking adverse action against a pregnant employee who requests or uses a reasonable accommodation.  D.C. Code § 32-1231.03(2).

19. Defendant was aware that Plaintiff was pregnant when it terminated Plaintiff's employment and that Plaintiff took an additional break to eat on September 30, 2019 due to pregnancy-related hunger.

20. Defendant reprimanded and terminated Plaintiff for asserting her rights under the PPWFA.

21. Such unlawful discriminatory conduct was intentionally done by defendant in willful and wanton violation of plaintiff's rights as protected by District of Columbia law.

16. The proximate result of defendants' violation of the PPWFA by retaliating against plaintiff based on her assertion of protected rights has caused plaintiff to suffer the loss of her job

including salary and benefits as well as personal and professional humiliation, career damage, damage to her personal and professional reputation, and mental and emotional distress.

## **Prayer for Relief**

**WHEREFORE**, plaintiff prays that this Court enter judgment in her favor and against Defendant on all claims brought herein and provide her with the following relief:

(1)     Declare that defendant has discriminated against plaintiff because of her sex in violation of the D.C. Human Rights Act, specifically, D.C. Code §§ 2-1402.11(a)(1) and (b);

(2)     Declare that defendant has retaliated against plaintiff for asserting her rights as a pregnant person in violation of the Protecting Pregnant Workers Fairness Act, specifically D.C. Code. §§ 32-1231.01(2)(A), 32-1231.03(1) and 32-1231.03(2);

(3)     Retroactive reinstatement to her position with Defendant and all back pay, benefits, and front pay for future earnings lost;

(4)     Compensatory damages, in an amount to be proved at trial, for, but not limited to, past and future economic loss, medical expenses, pain and suffering, inconvenience, and loss of enjoyment of life;

(5)     Punitive damages against defendant in the amount of $1,000,000.00, plus interest thereon;

(6)     Order Defendant to correct its records to purge them of any and all negative references to plaintiff, including any and all references to her being or having been terminated or in any other way limited from her position as Department Manager.

(7)     Enjoin defendant from discriminating or retaliating against plaintiff in the future;

(8)     Award Plaintiff's costs, expenses, attorney's fees, and expert witness fees incurred in connection with this action: and

(9)     Such other relief as the Court deems just.

## JURY DEMAND

Plaintiff hereby requests a jury trial on all issues of fact and damages.

                              Respectfully submitted,

                              _____/s/_____

                              Ellen K. Renaud
                              SWICK & SHAPIRO, P.C.
                              1101 15th Street, N.W.
                              Suite 205
                              Washington, D.C. 20005
                              (202) 842-0300
                              (202) 842-1418 Fax

                              Attorney for Plaintiff