**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **DIAMOND LYNCH,** | |
| **Plaintiff,** | **Case No. 1:20-cv-00934-BAH** |
| **v.** | |
| **WAL-MART ASSOCIATES, INC.,** | |
| **Defendant.** | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE**

**INTRODUCTION**

Diamond Lynch was an exemplary employee. Just a few weeks after being hired as a full-time associate at Walmart, Ms. Lynch, at age 18, earned a promotion to school supply manager at the height of "back to school" season. She had no disciplinary history or issues with her supervisor until she announced she was pregnant. Her supervisor, Sade Sutton, did not react well to the news. She told Ms. Lynch that her pregnancy "is really going to mess me up" and asked if she was "going to keep it." Then, the very first day Ms. Lynch reported to work after announcing her pregnancy, Ms. Sutton fired her based on false allegations of profanity. Ms Sutton then misled those reviewing her decision by listing Ms. Lynch's post-termination behavior as a reason for her termination.

Defendant now continues to press a false narrative that Ms. Sutton decided to terminate Ms. Lynch because of her behavior in reaction to Ms. Sutton's announcement that she was fired. Indeed, Defendant has proposed to confuse the jury by introducing into evidence testimony regarding Ms. Lynch's reaction to the news of her termination and a surveillance video that captures Ms. Lynch's reaction to her termination. This Court should exclude from evidence the

video and any detailed description of that behavior because it is irrelevant, unduly prejudicial, and

inadmissible to show that Ms. Lynch acted in accordance with a character or trait.

ARGUMENT

### A. Rules of Evidence

Evidence is relevant if it has "any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable." Fed. R. Evid. 401

and 402.  However, courts must exclude relevant evidence "if its probative value is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed.

R. Evid. 403.  Furthermore, evidence is "not admissible to prove that on a particular occasion the

person acted in accordance with the character or trait."  Fed. R. Evid. 404(a).

### B. Evidence of Ms. Lynch's Behavior Following Her Termination is Not Relevant to Any Material Fact.

The issues remaining in this case are fairly narrow.  In ruling on summary judgment, the

Court noted the following questions of fact still at issue: "(1) whether Plaintiff's supervisor made

certain comments to her, (2) whether Plaintiff told her supervisor and the other Assistant Managers

that she took an extra break because she had pregnancy-related hunger, and (3) issues that bear on

the truthfulness of the purported reason offered by Defendant for the decision to terminate

Plaintiff's employment."  Minute Order, 3/8/22.  Ms. Lynch's reaction to the news of her

termination is not relevant to any of these issues.

Ms. Lynch's supervisor attempted to justify her decision to terminate Ms. Lynch by

referring to her behavior following her termination. The fact that she proffered this false

reason—and that fact alone—is relevant, as it demonstrates that Ms. Sutton did not offer an

honest reason for terminating Ms. Lynch. *See Morris v. McCarthy*, 825 F.3d 658, 671 (D.C. Cir.

2016) (plaintiff can show pretext by casting doubt on the objective validity of the employer's

2

explanation"). Ms. Lynch's specific actions in response to the news, however, are *not* relevant. *See Jennings v.* Thompson, 792 F. Supp. 2d 1, 3 (D.D.C. 2011) (excluding evidence of tenant's misconduct as irrelevant and prejudicial, where the only issue in the case was whether the property owner was negligent in maintaining the rail of the tenant's balcony). Ms. Lynch's response, and therefore the video and detailed description of that behavior, cannot possibly bear on the truthfulness of the purported reason because the action occurred *after* she was told she was terminated. This timeline is not disputed. And Plaintiff is willing to stipulate to the fact that Ms. Lynch stormed out of the office and knocked things over after Ms. Sutton terminated her employment. Such a stipulation obviates the need to introduce prejudicial evidence. *See, e.g., Harvey v. D.C.*, 949 F. Supp. 874, 876–77 (D.D.C. 1996) (in retaliation case, permitting jury to be "informed generally about the plaintiff's prior allegations of sexual harassment, but not about the specific events underlying the same").

The details of Ms. Lynch's behavior and the video showing her knocking over merchandise are <u>not</u> relevant to any material issue before the jury. Regardless of how egregious (or how mild) Ms. Lynch's reaction to the news was, that behavior cannot be an honest explanation for her termination because it happened *after* she was terminated. Rather, this evidence may confuse the jury by tending to show that Ms. Lynch has an angry temper and displayed it when initially confronted with the accusation that she violated a rule about her breaks. Such propensity evidence is not allowed. *See* Fed. R. Evid. 404 (a) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."). If Defendant seeks to persuade the jury that Ms. Lynch swore at management *before* Ms. Sutton terminated her, better evidence of that meeting is available. *See Henderson v. George Washington Univ.,* 449 F.3d 127, 137 (D.C.Cir.2006) ("It is well established that under

Rule 403, a court should weigh the probative value of evidence in light of appropriate evidentiary alternatives."). Nor is the evidence admissible on the issue of equitable relief. *See Banks v. Vilsack*, 958 F. Supp. 2d 78, 83 (D.D.C. 2013) (excluding evidence related to equitable relief because "even if the evidence is relevant to whether Banks should be reinstated, this is not an issue for the jury to decide and admitting the evidence before the jury may cause undue delay, confuse the issues, or mislead the jury.").

Nor may Defendant offer the evidence to impeach Ms. Lynch. *See Council on Am.-Islamic Rels. Action Network, Inc. v. Gaubatz*, No. CV 09-2030 (CKK), 2022 WL 17403313, at *5 (D.D.C. Dec. 2, 2022) ("extrinsic evidence of misconduct to attack a witness's credibility generally is not admissible.").

C. **Evidence of Ms. Lynch's Behavior Following Her Termination Will Confuse and Unfairly Prejudice the Jury Against Ms. Lynch.**

Even if this evidence were relevant, it should be excluded under Rule 403 (evidence is inadmissible if its probative value is substantially outweighed by danger of unfair prejudice, confusion of the issues, or misleading the jury). Any value of the evidence is substantially outweighed by its inflammatory nature.

The video of Ms. Lynch angrily knocking over merchandise *after* she was fired will confuse the issues and inflame the jury. The video would unduly prejudice the jury by focusing on misconduct that is not probative of her termination and creating an impression that Ms. Lynch was erratic, untrustworthy, and therefore that she was likely to have cursed at her manager prior to her termination. The risk is even greater because the late Ms. Lynch will not testify in person or have the opportunity to show a different side of herself to the jury.

Furthermore, the video plays into the racist trope of an angry black woman, increasing the risk of prejudice, and far outweighing any probative value of the video.

**D. Conclusion.**

The video itself and any detailed descriptions of that behavior should be excluded because: (1) they are not relevant; (2) their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury; and/or (3) they are offered to prove that on a particular occasion the person acted in accordance with the character or trait.


Date: May 12, 2023                                          Respectfully Submitted,

*Ellen Renaud*
_____
Ellen K. Renaud (Bar No. 479376)
Tamara L. Slater (Bar No. 1616337)
Alan Lescht and Associates, PC
1825 K Street, NW, Suite 750
Washington, DC 20006
Tel 202.539.9308
Tamara.slater@leschtlaw.com