UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULA LYNCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:20-cv-00934-BAH |
| v. ) | |
| ) | |
| WAL-MART ASSOCIATES, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE**

I. **Introduction.**

Opioid abuse, particularly fentanyl poisoning, is a systemic public health crisis facing the United States right now. The suggestion that Ms. Lynch's death by Fentanyl poisoning makes her a less sympathetic Plaintiff is not only callous, but it is out of step with the consensus that drug abuse and overdose are not individual moral failings. More importantly, it is out of step with this Circuit's jurisprudence since the 1960s.

As a matter of law, Defendant cannot use Ms. Lynch's drug use to impeach her credibility unless it can show that she was using drugs at the time of the events in dispute, or that she was under the influence of narcotics while testifying. Accordingly, Plaintiff moves for the Court to prohibit Defendant from implying or arguing that Ms. Lynch's drug use makes her dishonest or not credible merely because she used drugs at some time in the past. Further, this Court should require Defendant to establish a foundation before allowing it to impeach Ms. Lynch's credibility with the suggestion that she was under the influence of drugs when she was fired or when she testified at her deposition.

**II. This Court should preclude defendant from arguing that Ms. Lynch's drug use impeaches her general character for truthfulness or credibility.**

As early as 1969, the D.C. Circuit noted that "[p]rejudice may result if questions asked for the limited purpose of testing, say, opportunity to observe, are permitted to generate a hostility based on the general odium of narcotics use." *United States v. Kearney*, 420 F.2d 170, 174 (D.C. Cir. 1969). "Given the highly inflammatory nature of an allegation that a witness is a drug user, a trial court must exercise discretion concerning the proper scope of examination. *Rogers v. United States*, 419 A.2d 977, 981 (D.C. 1980). Accordingly, it is settled law that drug addiction is not relevant to "the addict's general credibility, but his ability and capacity to observe the events in question." *United States v. Leonard*, 494 F.2d 955, 971 (D.C. Cir. 1974). In *United States v. Sampol,* the D.C. Circuit cautioned that evidence of drug addiction requires "discretion to keep the scope of such examination within proper bounds." 636 F.2d 621, 667 (D.C. Cir. 1980) (citing *United States v. Fowler,* 465 F.2d 664, 668 (D.C. Cir. 1972)). Thus, evidence of drug addiction may be relevant only to attacking a witness's competency and capacity to observe, remember, and recall. *See United States v. Kearney*, 420 F.2d at 173 ("it may be proper to develop the matter of drug addiction in an effort to attack a witness's competency and capacity to observe, remember and recall.").

An attorney seeking to question a witness about drug usage, "must establish a foundation showing either that the witness was using drugs at the time he observed the events in dispute," or "that he is under the influence of narcotics while testifying." *Sampol,* 636 F.2d at 667 (citing *Leonard,* 494 F.2d at 971; *Fowler,* F.2d at 667; *United States v. Banks,* 520 F.2d 627, 631 (7th Cir. 1975)). Defendant has not established such a foundation. Nor can it because neither situation is present here.

There is no evidence that Ms. Lynch used drugs the day of her termination or at any time she worked for Walmart. Indeed, the government sentencing memo says that Diamond Lynch made first contact with the distributor in September 2020—a year after her termination. ECF No.48-4 at 9-10. As such, Defendant has no basis for presenting Ms. Lynch's drug usage to a jury as a challenge to her credibility as to the events at issue in the spring of 2019.

Defendant has also not established that Ms. Lynch was under the influence of drugs when she testified at her deposition. In *Flythe v. D.C.*, the district court held that the defendant failed to establish a foundation that the witnesses' addiction to drugs was relevant because the witness testified that he had not used drugs that day and there was not expert testimony to a reasonable degree of medical certainty that the witness had "illegal methamphetamine in his system or used it, that day." 4 F. Supp. 3d 222, 230 (D.D.C. 2014). Similarly, in *Rogers v. United States*, 419 A.2d 977, 981 (D.C. 1980), a defendant in a criminal case (where there is a constitutional right to confrontation) was prohibited from further questioning a witness or presenting any evidence he was under the influence of drugs at the time of the crime because the witness had answered that first question in the negative. *Id.* ("defense counsel was allowed to ask Jackson whether he was under the influence of preluding at the time of the offense, to which he answered "no."). Here, Ms. Lynch testified that she was not under the influence of drugs at her deposition. In addition, neither attorney present perceived any sign that Ms. Lynch appeared or acted impaired during her deposition. Defendant had the opportunity to observe Ms. Lynch's speech, affect, tone, lucidity, ability to understand and respond to questions, and pace of speech (rapid, languid, or normal). Defendant's counsel did not ask any questions or make any record about Ms. Lynch's affect or responsiveness during the deposition.

Nor does Ms. Lynch's drug usage five days before her deposition have any bearing on her ability to remember and recall the events at issue. The D.C. Circuit has held that a party could not pursue questioning about the drug use of a witness who admitted to using heroin about once or twice a week, because the party had not "first established that [the witness] had used drugs on the day he observed the crimes." *United States v. Leonard*, 494 F.2d 955, 970–71 (D.C. Cir. 1974). The Court agreed that regular drug usage was an insufficient foundation to question a witness's use of drugs on a given day:

> On voir dire, Hughes admitted that he took heroin about once or twice a week, and that this use had continued until the beginning of trial. When asked whether he had taken heroin on the day of the crimes, he replied, 'I can't recall.' At trial defense counsel cross-examined Hughes concerning his drug habit. Hughes' testimony differed somewhat from his voir dire testimony. He testified that he had not taken drugs on the day he observed the crime. He further testified that he had not taken drugs for several months. When defense counsel then attempted to question Hughes concerning the effects of his drug use, the district court sustained the government's objection, ruling that defense counsel could not pursue that line of questioning unless he first established that Hughes had used drugs on the day he observed the crimes. The further rulings referred to above ensued.

*Id.* at 970–71.  In other words, a witness's admission that he used drugs once or twice per week was not a sufficient foundation to impeach him or imply that he had used drugs the day of the event at issue. Similarly, evidence that Ms. Lynch occasionally abused fentanyl is not sufficient foundation to impeach her testimony or imply that she had used drugs either on the day of her termination or the day of her deposition.

## **CONCLUSION**

Defendant has failed to establish a foundation that Ms. Lynch used drugs during her employment with Defendant or on the day of her deposition. Accordingly, defendant should be

4

prohibited from implying or arguing that Ms. Lynch's drug use makes her dishonest or not credible absent evidence establishing the required foundation. Ms. Lynch respectfully requests that this motion be granted.

Date: July 28, 2023                                                     Respectfully Submitted,

/s/ *Ellen K. Renaud*
Ellen K. Renaud (Bar No. 479376)
Tamara L. Slater (Bar No. 1616337)
Alan Lescht and Associates, PC
1825 K Street, NW, Suite 750
Washington, DC 20006
Tel 202.852-8483
Ellen.Renaud@leschtlaw.com
Tamara.Slater@leschtlaw.com

*Attorneys for Plaintiff*

5