**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 28**
**(PERMITTED INFERENCE – PLAINTIFF'S FAILURE TO PRODUCE INFORMATION)**

In the criminal case of *U.S. v. Eastman*, Case No. 22-cr-22, one of the criminal defendants plead guilty to the charges of unlawful distribution of fentanyl resulting in serious bodily injury to Diamond Lynch occurring on November 2, 2020 and Diamond Lynch's death occurring on or about April 6, 2021. Plaintiff did not inform Walmart of *U.S. v. Eastman*, Case No. 22-cr-22.

In this lawsuit, Plaintiff Paula Lynch is requesting an award of compensatory damages for emotional distress she claims Diamond Lynch suffered due to Walmart's alleged pregnancy discrimination. Walmart made a proper request to Plaintiff to produce to Walmart all information about medications and drugs as well as all medical care Diamond Lynch received dating back to January 1, 2015 through the present. Plaintiff was obligated to provide to Walmart responsive information when the request was initially made and had a continuing duty to supplement her responses up until the commencement of this trial, and to preserve all information relevant to her claims against Walmart.

At no time while Diamond Lynch was alive – including at her November 7, 2020 deposition – did she provide Walmart with the information that she had suffered an overdose on November 2, 2020 for which she was given two doses of Narcan by EMS and subsequently hospitalized. Because Plaintiff withheld this information, Walmart did not know to obtain Plaintiff's medical records about the overdose, which were relevant to Plaintiff's claim for emotional distress damages, and lost the opportunity to question Diamond Lynch about her use of fentanyl and other non-prescription drugs for all time periods relevant to this case, including September 30, 2019. Walmart was also unable to obtain an expert witness to determine the effects fentanyl, Narcan, and any other drugs or medications Diamond Lynch took could have had on her – including her

memory, mental state, and ability to testify credibly at her deposition. Because Plaintiff did not produce information regarding Diamond Lynch's November 2, 2020 overdose to Walmart, you may infer that if such information had been produced, it would have been unfavorable to Plaintiff's claim that as a result of the termination of her employment with Walmart she suffered emotional distress.

Authority: Fed. R. Civ. P. 26(e)(1)(B) (authorizing Court to inform jury of a party's failure to provide information as required by Rule 26(a) or (e)); Fed. R. Civ. P. 37(c)(1)(B) (authorizing Court to inform jury of a party's failure to provide information required by Rule 26(a) or (e)); *see Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO, et al. v. City of New York*, Civil Action No. 18 Civ. 4476 *7-8 (Jan. 14, 2021) (citing *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2008) ("The sanction of an adverse inference under Rule 37(b)(2)(A)(i) is 'an inference that the evidence would have been unfavorable to the party responsible for the destruction.'")); *Lakes v. Bath & Body Works, LLC*, No. 2:16-cv-02989 (E.D. Ca. May 14, 2019) (discussing how Fed. R. of Civ. P. 37 permits an adverse inference instruction in cases involving the non-production of evidence); *Battocchi v. Washington Hosp. Ctr.*, 581 A.2d 759 (D.C. Ct. App. 1990) ("[A] party who has notice that a document is relevant to litigation and who proceeds to destroy the document is more likely to have been threatened by the document than is a party in the same position who does not destroy the document.") (citing *Nation-wide Check Corp. v. Forest Hills Distrs.*, 692 F.2d 214, 218 (1st Cir. 1982)); *see also Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960 (9th Cir. 2006) (affirming district court's dismissal of case for destruction of evidence, but discussing lesser sanction of jury instruction creating a presumption in favor of defendant); Steve E. Couch, *Spoliation of Evidence: Is One Man's Trash Another Man's Treasure*, 62 Tex. B.J. 242, 243 & n.4 (1999) ("The textbook definition of 'spoliation' is 'the intentional destruction of evidence[.]' … However, spoliation issues also arise when evidence is lost, altered or cannot be produced."); Karen Wells Roby & Pamela W. Carter, *Spoliation: The Case of the Missing Evidence*, 47 La. B.J. 222 (1999) (Spoliation "encompasses [conduct that is either] … intentional or negligent."); *The Flexible Doctrine of Spoliation of Evidence: Cause of Action, Defense, Evidentiary Presumption, and Discovery Sanction*, 46 Def. L.J. 587, 603 (1997).

**Objection**: The cause of Diamond Lynch's death is a collateral issue that should not have its own jury instruction. Further, this instruction is intended to sanction a party that intentionally destroys evidence, not where a party simply neglects to request and supply medical records. *See Jackson v. D.C.*, No. 1:10-CV-00604 BJR, 2012 WL 13167967, at *5 (D.D.C. May 15, 2012) ("Spoliation of evidence usually requires that a party intentionally destroy or conceal evidence."). A spoliation instruction is about a party's motive to conceal unfavorable evidence by destroying it. Indeed, in Defendant's cited case, the Court refers to "a party's bad faith destruction of a document" as spoliation. *Battocchi v. Washington Hosp. Ctr.*, 581 A.2d 759, 765 (D.C. 1990). The Court also noted that "[m]ere negligence is not enough, for it does not

sustain the inference of consciousness of a weak case." *Id.* Here, Defendant can show nothing more than mere negligence in delaying the production of the evidence by a failure to recognize its relevance. The Court has already remedied that negligence by allowing Defendant to re-open discovery on this issue. No other remedy is necessary and certainly not a penalty intended for malicious destruction of evidence.