# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIAMOND LYNCH,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>WAL-MART ASSOCIATES, INC.,<br><br>　　　　　Defendant. | Civil Case No. 20-934 (BAH)<br><br>Judge Beryl A. Howell |

## INSTRUCTIONS TO THE JURY

The attached instructions were read to the jury in the trial of the captioned case on August 9, 2023, and given to the jury for deliberations on August 9, 2023.

Date: August 9, 2023

**BERYL A. HOWELL**
United States District Judge

**FINAL JURY INSTRUCTIONS** – *Lynch v. Wal-Mart Associates, Inc.*, **20-cv-934**

Members of the jury, at this time, you have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties, so it is my duty and responsibility as the trial judge to give you instructions as to the law that applies in this case and to the evidence that has been presented. It is your sworn duty to base your verdict upon the law given in these instructions and upon the evidence that has been admitted in this trial.

My instructions will be roughly divided into four parts. First, I will instruct you on the general principles of law that apply here. Second, I will instruct you on evaluating the evidence. Third, I will instruct you on the law that applies to the claim brought by plaintiff **DIAMOND LYNCH** and the defense asserted by defendant **WAL-MART ASSOCIATES, INC**. Finally, I will provide some instructions about logistics and how you are to conduct your deliberations.

I will provide you with written copies of these instructions for your use during deliberations—I will make enough copies so that you all have one—so there is no need for you to take notes now. During your deliberations, you may, if you want, refer to these instructions.

While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note, and I will give you instructions later about how to send me a note. These instructions will be returned to me when your verdict is rendered.

Now I have allowed you to take notes during the trial if you wished to do so. Recall that those notes are only for your personal use and are only to be used as an aid to your memory. Your notes are not evidence in the case, and they should not replace your memory of the evidence. Those of you who have chosen not to take notes should rely on your own memory of the evidence.

*General Instructions*

Now as to general instructions. The function of the judge is to conduct the trial of the case in an orderly, fair, and efficient manner. The judge also must rule upon questions of law arising during the trial, and must tell you the law that applies to this case. It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

If an attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you follow.

Your function as jurors is to decide the facts. You are the exclusive judges of the facts. You alone determine the weight, the effect, and the value of the evidence, and the believability of the witnesses. You should decide the facts only from a fair evaluation of all the evidence, without prejudice, sympathy, fear, or favor.

During the course of the trial, you have heard references to the terms plaintiff and defendant. Simply put, the plaintiff is the person who starts a lawsuit and the defendant is the person who is sued by the plaintiff. During your deliberations, however, you must not attach any significance in weighing the evidence to the terms plaintiff and defendant. In other words, the fact that the plaintiff has filed a lawsuit against the defendant does not mean that the plaintiff is entitled to your verdict or that her evidence is entitled to greater weight than the defendant's evidence. A plaintiff must prove every element of her claim against a defendant by a preponderance of the evidence before she is entitled to prevail.

**FINAL JURY INSTRUCTIONS –** *Lynch v. Wal-Mart Associates, Inc.***, 20-cv-934**

As I mentioned, you must treat and consider all of these instructions as a whole. All of the instructions are important. You must not disregard, ignore, or give special attention to any single instruction or part of an instruction differently than the other instructions, nor may you question the correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or what it ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

Remember that you are not advocates in this matter. You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict that you return to this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

During the course of the trial, I may have asked questions of a witness, to obtain information or to bring out or clarify facts. You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

Similarly, you should not take any rulings I have made during the trial or anything I have said or done during this case, including giving these instructions, as indicating what facts you should find or what your verdict should be based on those facts. You are the sole and exclusive judges of the facts.

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. Objections are not evidence. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that she believes is not admissible.

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice, or public opinion. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in this case. In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. All persons stand equal before the law and must be treated as equals in this court.

A corporation, whether large or small, has the same right to a fair trial as a private individual. All persons, including corporations, stand equal before the law and are to be treated as equals in this court. In other words, the fact that a plaintiff or defendant is a corporation must not affect your decision.

Under your oath as jurors, you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and to reach a verdict on the basis of evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

*Evaluating the Evidence*

Now I'm going to talk about evaluating the evidence. You may consider only the evidence admitted in the case. The evidence consists of the sworn testimony of witnesses, exhibits admitted into evidence, and facts undisputed by the parties. You may consider any facts to which the parties have agreed to be undisputed.

**FINAL JURY INSTRUCTIONS –** *Lynch v. Wal-Mart Associates, Inc.*, **20-cv-934**

If, during the course of the trial, I sustained an objection to a lawyer's question or any evidence, then you should ignore the question and you must not guess about what the answer would have been. Similarly, if I sustained an objection to an exhibit, then you should ignore the exhibit and it should play no part in your deliberations. Some evidence is admitted for a limited purpose only.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or undisputed fact. They are intended only to help you to understand the evidence. Similarly, the questions of the lawyers are not evidence. If anyone describes the evidence that you heard differently from the way you remember it, it is your memory that should control during your deliberations. You must rely on your own recollection of the testimony and not on any notes you may have taken during the trial.

The party who makes a claim—the plaintiff Diamond Lynch in this case—has the burden of proving it. This burden of proof means that plaintiff must prove every element of her claim by a preponderance of the evidence. To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true. If, after considering all of the evidence, the evidence favoring the plaintiff's side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the plaintiff on that issue, then the plaintiff will have succeeded in carrying the burden of proof on that issue.

The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty. For example, it does not mean proof beyond a reasonable doubt as required in criminal cases. Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence. In other words, merely having a greater number of witnesses or documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the evidence. If you believe that the evidence is evenly balanced on an issue the plaintiff had to prove, then the plaintiff has not carried the burden of proof and your finding on that issue must be for the defendant.

You should consider all the evidence bearing on the claim, regardless of who produced it. A party is entitled to benefit from all evidence that favors that party, whether that party or the adversary produced it. You should not give more or less weight to evidence just because it happened to be produced by one side or the other.

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts from which reasonable conclusions may be drawn is circumstantial evidence.

I'm going to give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both circumstantial and direct evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**FINAL JURY INSTRUCTIONS** – *Lynch v. Wal-Mart Associates, Inc.*, **20-cv-934**

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is not a suspicion or a guess. An inference is a reasoned, logical deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either circumstantial or direct evidence based on your common sense. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. In deciding what the facts are, you must weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the "credibility" or "believability" of the witnesses and the weight to be given to his or her testimony. In other words, you alone determine whether to believe any witness and to what extent any witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the witness's age, demeanor, capacity to observe and recollect facts, the opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; the reasonableness of the witness's testimony in light of all the evidence, and any other facts and circumstances bearing on credibility. You may consider whether the witness has any motive for not telling the truth, any interest in the outcome of the case, or any friendship, animosity, or cooperation toward other persons involved in the case, or similarly, evidence of hostility or affection which the witness may have towards one of the parties. You may consider the plausibility or implausibility of the testimony of a witness. You may also consider whether the witness's testimony has been contradicted or supported by other evidence. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.

In sum, you may believe everything a witness says, part of it, or none of it. After making your own judgment or assessment concerning the believability of a witness, you can then give that testimony the importance or weight that you feel it deserves. Moreover, the weight of the evidence does not necessarily depend upon the number of witnesses who testify.

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side or the number of exhibits on either side—it depends on the quality, and not the quantity, of the evidence. It is up to you to decide whether to credit the testimony of a smaller number of witnesses or a small

number of exhibits on one side or the testimony of a greater number of witnesses or a greater number of exhibits on the other side.

A deposition is the testimony of a person taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. During the trial, you heard deposition testimony that was read from a deposition transcript. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in person in open court.

You should give deposition testimony the same fair and impartial consideration you give any other testimony. You should not give more weight or less weight to deposition testimony just because the witness did not testify in court.

The parties may agree to certain facts. When the lawyers on both sides agree to the existence of a fact, you must, unless otherwise instructed, accept the fact as evidence, and regard that fact as proved and to be undisputed evidence. The parties may also agree to the testimony a particular witness would have given if he or she had testified in this case.

The testimony of a witness may be discredited or impeached by showing that he or she has previously made statements that are inconsistent with his or her present courtroom testimony. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in court here.

If a witness at trial has been confronted with a prior statement that the witness made, and that prior statement is inconsistent with his or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony he or she gave in court.

If the witness made the prior inconsistent statement at a deposition or otherwise under oath subject to the penalty of perjury, then you may also treat that prior statement as evidence in this case—that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case.

If the witness was not at a deposition or otherwise under oath subject to the penalty of perjury when he or she made the statement, then you may not treat the prior statement as evidence of the facts in the statement. You may consider the statement only to evaluate the witness's credibility; that is, you may use the prior statement only to determine whether to believe the witness's present testimony in court.

If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it to be fairly entitled to receive.

If a party failed to produce relevant evidence or failed to call a witness that could have given relevant testimony, and that evidence or witness was particularly available to that party, and that party did not sufficiently explain why the evidence or witness was not produced, then you are permitted to infer that the evidence or witness would have been unfavorable to the party who failed to produce the evidence or witness.

### *Claim*

Now I'm going to discuss the claim at issue in this case. Plaintiff **DIAMOND LYNCH** claims that defendant **WAL-MART ASSOCIATES, INC.** violated the **D.C. Human Rights Act**, or DCHRA in short, by discriminating against plaintiff because of her sex by terminating her from her position as Department Manager

at Walmart's Georgia Avenue location on September 30, 2019, about one week after learning that she was pregnant. I will now instruct you more fully on the issues you must decide in this case.

As relevant here, the DCHRA prohibits an employer—which includes anyone to whom the employer delegates the performance of an employment related responsibility—from discriminating against an employee in the terms and conditions of the employee's employment because the employee is a member of a certain sex or is pregnant. In particular, the DCHRA prohibits an employer from denying an employee reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of the employee's sex or pregnancy. In other words, it is unlawful under the DCHRA for an employer to intentionally discriminate against an employee by terminating the employee based on the employee being pregnant.

In this case, the parties have agreed to the facts that the plaintiff was hired by the defendant on June 5, 2019; that she informed the defendant that she was pregnant on or about September 23, 2019; and that she was terminated by the defendant on September 30, 2019. The issue that remains for you to decide is whether the plaintiff has proven by a preponderance of the evidence that the defendant intentionally discriminated against her because she was pregnant when it terminated her on September 30, 2019. Walmart denies that discrimination played any part in the decision to terminate Diamond Lynch's employment.

In order to prevail on her discrimination claim under the DCHRA, the plaintiff must prove that she was intentionally discriminated against because she was pregnant. Thus, proof of discriminatory intent is critical in this case. Discrimination is intentional if it is done voluntarily, deliberately, or willfully. Discriminatory intent may be proved either by direct evidence, such as statements made by a person whose intent is at issue, or by circumstantial evidence from which you can infer a person's intent. In making a determination as to whether there was intentional discrimination in this case, you may consider any statement made or act done or omitted by an employee of the defendant whose intent is in issue, as well as all other facts and circumstances that indicate the state of mind of such employee. You may also infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. The plaintiff is not required to produce direct evidence of discrimination, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

If the employer is an organization, such as Walmart, you may consider the motives, actions, and procedures in all parts of the organization which participated, influenced, or played a role in initiating or causing the plaintiff's termination when determining whether there was discriminatory intent in this case. It is not necessary for the plaintiff to prove that the ultimate decision-maker had discriminatory intent against her.

The mere fact that the plaintiff was pregnant and was terminated is not by itself evidence of intentional discrimination. The plaintiff has the burden of proving more than this. She must show by a preponderance of the evidence that her pregnancy was a motivating factor in the defendant's decision to terminate her.

To find that the plaintiff's pregnancy was a "motivating factor" in the defendant's termination of her, you must find that the defendant's action was because the plaintiff was pregnant. The plaintiff need not prove that her pregnancy was the only factor behind her termination, but she must prove that her pregnancy played a motivating factor in the defendant's decision. The plaintiff's pregnancy need not be the sole factor, but she must show that but for her pregnancy, she would not have been terminated.

The facts that Diamond Lynch was pregnant and that she was terminated are not sufficient, in and of themselves, to establish her claim. You may not find that an adverse employment action is unlawful solely

**FINAL JURY INSTRUCTIONS** – *Lynch v. Wal-Mart Associates, Inc.*, 20-cv-934

because you disagree with the employer's stated reasons or solely because you believe the decision was harsh or unreasonable, unless you believe that the stated reason is a pretext.

In considering whether the plaintiff has established her claim—that is, that she was terminated because of her pregnancy—you may consider the defendant's contention that the plaintiff was terminated for a legitimate, non-discriminatory reason. Even if an employer is mistaken and its business judgment was wrong, an employer is entitled to make its own policy and business judgments. An employer may make employment decisions for any reason, whether good or bad, as long as it does not do so for unlawful, discriminatory reasons. It is not your function to second-guess the wisdom of any employment decision affecting the plaintiff, but rather to determine whether she was terminated because of her pregnancy.

The defendant has asserted that it has taken its actions for legitimate, non-discriminatory reasons. If you believe these reasons, your verdict should be for the defendant.

But the plaintiff has attempted to show that these reasons are untrue, or are a pretext for what she claims is the true reason for the actions—discrimination. If you conclude that the defendant's reasons for its actions are pretext, or untrue, you may, but do not have to, conclude that the defendant intentionally discriminated against the plaintiff. For example, you could conclude that although the stated reason was untrue, the real reason was another non-discriminatory reason. In the end, the plaintiff must prove intentional discrimination.

In determining whether the defendant's stated reasons for its actions were pretext—that is, an untrue excuse for discrimination—you may not question the defendant's business judgment. You cannot find intentional discrimination simply because you disagree with the defendant's business judgment or believe its actions were harsh, unwise, or unreasonable. Thus, if the defendant honestly believed the reason for the adverse personnel action, but the decision was simply ill-informed or ill-considered, then the explanation is not a pretext for discrimination. However, when determining whether the stated reason for the adverse personnel action was pretextual, you may consider whether the stated reason was merely a cover-up for discrimination.

## Damages

Now I'm going to talk about damages. If you conclude that the plaintiff did carry her burden of proof, that the defendant wrongfully terminated the plaintiff because of her pregnancy, you are to consider an award of compensatory damages to her. If you conclude that the plaintiff did not carry this burden of proof, you are to find for the defendant.

I will now give you instructions about damages. You should not consider the fact that I am giving you this instruction as suggesting any view of mine as to whether or not Walmart should be held liable, or that I think you should or should not award damages. Those decisions are entirely for you to make. I am giving you these instructions solely for your guidance, in the event that you find in favor of the plaintiff on her claim against Walmart and you decide to award her damages. If you decide that the plaintiff is not entitled to prevail with respect to the claim of pregnancy discrimination, you need not go further and consider damages.

### Compensatory Damages

If you find that the plaintiff, by a preponderance of the evidence, proved each and every element of the pregnancy discrimination claim, you must decide the issue of whether the plaintiff is entitled to any damages as a result of Walmart's conduct towards the plaintiff. The plaintiff has the burden to prove damages by a preponderance of the evidence.

FINAL JURY INSTRUCTIONS – *Lynch v. Wal-Mart Associates, Inc.*, 20-cv-934

When considering the issue of the plaintiff's compensatory damages, you should determine what amount, if any, has been proven by the plaintiff by a preponderance of the evidence as full, just, and reasonable compensation for all of the plaintiff's damages as a result of the adverse employment action, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Walmart. Also, compensatory damages must not be based on speculation or guesswork.

In calculating damages, you should not consider Diamond Lynch's past or future lost wages. The Court will calculate and determine any award of back pay and front pay if you find the defendant liable on the plaintiff's claim.

If you find in favor of the plaintiff as to her claim in this case, but you find that the plaintiff has failed to prove by a preponderance of the evidence that she has suffered compensatory damages or that her damages have any monetary value, then you must return an award of damages in some nominal or token amount, such as one dollar.

The plaintiff must prove that it is more likely than not that she is entitled to compensatory damages. The evidence must establish the amount of the plaintiff's damages with reasonable certainty. You may award the plaintiff only those damages that are based on a just and reasonable estimate based on relevant evidence. Reasonable certainty does not require exact or mathematically precise proof of damages, or that future damages are absolutely certain to occur. However, you may not award damages that are speculative, based on guesswork, or dependent upon merely remote possibilities not reasonably certain to occur.

### *Limitation of Damages – Plaintiff's Death*

Now Paula Lynch is the legal representative of the estate of Diamond Lynch, her daughter. This action is not for the benefit of Paula Lynch or another particular individual, but the action is brought on behalf of the estate of Diamond Lynch and asserts the legal claim of discrimination based on pregnancy that arose prior to Diamond Lynch's death. There is no claim or assertion that Ms. Lynch's death was caused by pregnancy discrimination.

If you find in favor of the plaintiff, then you should make an award for damages that would have been awardable to Diamond Lynch for pregnancy discrimination prior to the time of her death, including any damages experienced by Diamond Lynch between the occurrence of the pregnancy discrimination and the date of her death – April 6, 2021. In other words, the estate of Diamond Lynch cannot recover compensatory damages for any period of time after April 6, 2021.

### *Punitive Damages*

Now in addition to compensatory damages, the plaintiff also seeks an award of punitive damages against Walmart. Punitive damages are damages above and beyond the amount of compensatory damages you may award. Punitive damages are awarded to punish Walmart for the conduct of its agents and/or employees and to serve as an example to prevent others from acting in a similar way.

You may award punitive damages only if plaintiff has proved with clear and convincing evidence:

(1) that Walmart acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure or in willful disregard for the rights of Diamond Lynch;

(2) that Walmart's conduct was outrageous, grossly fraudulent, or reckless toward Diamond Lynch;

AND

(3) Walmart, through its officers, directors, or managing agents, participated in the act, authorized the act, or ratified the act before or after it was done.

"Clear and convincing evidence" means that the plaintiff must produce evidence that creates in your minds a firm belief or conviction that each and every element of the three I just described has been proven. Clear and convincing evidence is a higher burden of proof to meet than preponderance of the evidence. It is evidence so clear, direct, weighty, and convincing as to enable you to come to a clear conviction without hesitancy.

If you find that plaintiff has proved all of these elements with clear and convincing evidence, then you may award punitive damages against Walmart. Otherwise, you may not award such damages. You may conclude that Walmart acted with a state of mind justifying punitive damages based on direct evidence or based on circumstantial evidence from the facts of the case.

If you find that the plaintiff is entitled to an award of punitive damages, then you must decide the amount of the award. To determine the amount of the award you may consider the relative wealth of the defendant at the time of trial, the nature of the wrong committed, the state of mind of the defendant when the wrong was committed, the cost and duration of the litigation, and any attorney's fees that the plaintiff has incurred in this case. Your award should be sufficient to punish the defendant for its conduct and to serve as an example to prevent others from acting in a similar way.

## *Attorneys' Fees and Court Costs*

In assessing damages, you must not consider attorneys' fees or the costs of litigating this case. Attorneys' fees and costs, if relevant at all, are for the Court and not the jury to determine. Therefore, attorneys' fees and costs should play no part in your calculation of any damages. For that reason, I instruct you that, if you award damages to the plaintiff, you should not adjust the award based on a concern that the plaintiff will be required to use some portion of that award to pay attorneys' fees or court costs.

## *Logistical Matters*

Now finally, logistical matters. When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. Consider selecting a foreperson who will encourage civility and mutual respect, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote full and fair consideration of the evidence.

The verdict must represent the considered judgment of each juror. In order to return a verdict, your verdict must be unanimous—that is, each juror must agree to the verdict.

Each of you has a duty to consult with other jurors in an attempt to reach a unanimous verdict. You must decide the case for yourself, and you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions. However, you should seriously consider the views of your fellow jurors, just as you expect them seriously to consider your own views, and you should not hesitate to change an opinion if you are convinced by other jurors.

If it becomes necessary to communicate with me, you may send a note by giving it to a court security officer who will be sitting outside the jury room. The note must be signed by the foreperson or one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a

signed writing. I will not communicate with any member of the jury on any subject touching on the merits of the case other than in writing, or orally here in open court. Likewise, the court security officer and all other persons are forbidden to communicate in any way or manner with any member of the jury on any subject touching on the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands on the questions before you, numerically or otherwise, until after you have reached a unanimous verdict.

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that any exhibit that was only marked for identification but was not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

Throughout your deliberations, you may discuss with each other the evidence and the law that has been presented in this case, but you must not communicate with anyone else by any means about the case. You also cannot learn from outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. This means you may not use any electronic device or media (such as a phone, computer, or tablet), the internet, or any text or instant messaging service, or any social media apps (such as Twitter [I think it's called X now], Facebook, Instagram, LinkedIn, YouTube, WhatsApp, Snapchat, and TikTok) to research or communicate about what you've seen and heard in this courtroom. And yes the list grows.

These restrictions continue during deliberations because it is essential that you decide this case based solely on the evidence and law presented in this courtroom. Information you find on the internet or through social media might be incomplete, misleading, or inaccurate. And, as I noted in my instructions at the very start of the trial, even using your smartphones, tablets, and computers—including the news and social media apps on those devices—may inadvertently expose you to certain notices, pop-ups or advertisements that could influence your consideration of the matters you've heard about in this courtroom.

You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside of the courtroom. For this reason, I expect you to inform me at the earliest opportunity, should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.

A verdict form has been prepared for your convenience. You will take this form to the jury room. The verdict form contains several questions. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided at the end of each question. As the instructions on the verdict form reflect, depending on how you answer a question, it may or may not be necessary to answer the next question. Please follow the instructions provided on the form. The foreperson will then date and sign the verdict form as so completed when you have completed your deliberations. You will then notify the court security officer sitting outside the jury room with a note stating that you have reached a unanimous verdict. Do not show the court security officer the form or say anything about your verdict. The form will be given to me and read aloud by your foreperson when you return to the courtroom.

Thank you for your attention as I have given you these instructions. And you may now retire to the jury room and begin your deliberations.